Marc J. Randazza, AZ Bar No. 027861
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorneys for Plaintiff
MN Works, LLC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| | Case No. _____ |
| MN WORKS, LLC, an Arizona limited liability company, | **COMPLAINT** |
| Plaintiff, | **1. VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)** |
| vs. | **2. TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125)** |
| VIBE MEDIA, INC., a California corporation; ALIX KARI, an individual; and JOHN DOES # 1-5, inclusive, | **3. COMMON LAW MISAPPROPRIATION** |
| | **4. CIVIL CONSPIRACY** |
| Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT

For its Complaint against Defendants Vibe Media, Inc., Alix Kari, and John Does # 1-5, Plaintiff MN Works, LLC ("MN Works") complains and alleges as follows:

### I. NATURE OF ACTION

This action arises from Defendants' copying the constituent elements, including the look and feel, of Plaintiff MN Works' inherently distinctive website in violation of federal statutes and common law.

Since the time MN Works launched its Slixa website, located on the World Wide Web at <slixa.com>, it has attracted thousands of users from competitor websites.  Sensing the tides of change, one of MN Works' main competitors, Defendant Vibe Media, Inc., the operator of <cityvibe.com>, changed the layout of its CityVibe website to mimic many, and in some cases all, of the aesthetic features on the Slixa website. Defendant Alix Kari is the President of Vibe Media.

The inherently distinctive layout of the Slixa website incorporates elements of simplicity, stylishness, and navigational ease.  Advertisements displayed on the Slixa website are personalized by each entertainer and displayed in a proprietary format developed by MN Works.  Instead of using bland, text-based advertising format, each webpage is customized by the entertainer but made to look professionally designed by using the proprietary format developed by MN Works.

Plaintiff's success in attracting advertisers and entertainers to its website has clearly caught the attention of its competitors, including but not limited to Defendants.  However, unlike Plaintiff's other competitors, Defendants have reacted to Plaintiff's success by stealing Plaintiff's website design and copying it.  Plaintiff has filed this action to stop Defendants from engaging in the theft of Plaintiff's intellectual property and profiting off of it.  Defendants' theft of Plaintiff's intellectual property is particularly troubling because Defendants' CityVibe website is far more established in the adult entertainment industry, leading Plaintiff to believe that Defendants will attempt to mislead the public into believing that Plaintiff stole Defendants' intellectual property or is somehow affiliated with Defendants, when in fact Defendants stole Plaintiff's intellectual property.  Defendants are using unlawful methods in an effort to extinguish Plaintiff as a competitor while stealing the innovations that Plaintiff is bringing to the industry.  Plaintiff MN Works seeks to end Defendants' unlawful activity to ensure that Internet users are not confused and that MN Works' reputation is unharmed.

/ /

/ /

## II. JURISDICTION AND VENUE

1.     This is a civil action for violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), the United States Lanham Act (15 U.S.C. § 1125 *et seq.*), common law misappropriation, and civil conspiracy.

2.     This Court has jurisdiction over claims involving the Computer Fraud and Abuse Act and the Lanham Act pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

3.     This Court has personal jurisdiction over Defendants because:

a.     Defendants own and operate the CityVibe website, located on the World Wide Web at <cityvibe.com>, which is accessible to Arizona residents.

b.     Through the CityVibe website, Defendants regularly conduct business in the State of Arizona.   In fact, the CityVibe website has directories for 20 cities in Arizona, and has listings for entertainers in 20 cities in the State of Arizona (*see* Front Page of CityVibe.com, attached hereto as **Exhibit 1**).   Within the last month, CityVibe has advertised for at least 60 VIP entertainers and 89 non VIP entertainers in Phoenix alone. (*see* CityVibe Listings for Phoenix, Arizona, attached hereto as **Exhibit 2**).   Thousands of adult entertainers in the State of Arizona have advertised on Defendants' CityVibe website since its inception, and CityVibe clearly has availed itself of the advantages and privileges of the marketplaces in Phoenix, Tucson, Flagstaff, and 17 other Arizona cities and towns.

c.     Defendants committed tortious acts that they knew, or should have known, would cause injury to Plaintiff in the State of Arizona.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

## III. PARTIES

5.     Plaintiff MN Works is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.   Since April 11, 2011, it has owned the registration for the <slixa.com> domain name and, since that time, registered the service mark for SLIXA® with the United States Patent and Trademark Office.

6.      Plaintiff MN Works is engaged in the business of operating an online adult entertainment directory, which displays advertising for individuals to meet and connect with entertainers.

7.      The backbone of MN Works' business is online advertising.  However, unlike many of its competitors in the adult entertainment directory business, MN Works does not accept third party advertisers or display advertising banners on the Slixa website.  Advertisers on MN Works are the entertainers themselves who agree to pay a fee to display their advertisements on the Slixa website.

8.      Upon information and belief, Defendant Vibe Media, Inc. ("Vibe Media") is a California corporation, which does extensive business in Arizona.

9.      Defendant Alix Kari is the President of Vibe Media.

10.      Plaintiff has not yet fully and independently identified the true names and capacities of Defendants sued herein as Does 1-5, inclusive, and therefore sues those Defendants by fictitious names.  Plaintiff reserves the right to amend this Complaint to allege said Defendants true names and capacities when they are ascertained.  Plaintiff is informed and believes and thereupon alleges that each of the fictitiously designated Defendants was a participant in the acts alleged herein, such that each is jointly and severally responsible for the acts and omissions complained of herein.

## IV. ALLEGATIONS COMMON TO ALL COUNTS

11.      MN Works owns and licenses all of the content found on the Slixa website, and operates the site.

12.      MN Works is the owner of the rights in the trademark SLIXA, bearing Registration Number 4,280,848 in the United States Patent and Trademark Office for computer services, namely, providing a website for others to customize webpages in the field of adult-themed services.

13.      Plaintiff MN Works' Slixa website went live on the World Wide Web on or about November 30, 2012.

14.     The Slixa website operates as a directory for adult entertainers and permits adult entertainers from many North American cities to advertise their services to interested parties.  (*See* Front Page of Slixa.com Website, attached hereto as **Exhibit 3**.)

15.     Adult entertainers who sign up for the Slixa website are permitted to post their own advertisements and are provided with live statistics that track the performance and conversion rates of those advertisements.   Entertainers' advertisements resemble centerfold layouts in fashion magazines more closely than they resemble adult entertainment advertisements on other adult entertainment directories, including the CityVibe directory owned and operated by Defendants.  (*See* Sample Entertainer Profile and Sample VIP Entertainer Profile, attached hereto as **Exhibits 4 and 5**.)

16.     Slixa's revolutionary format for entertainer advertisements has drawn extremely positive reviews from adult entertainers, who have expressed a preference for Slixa's advertising format over those of competing sites, including the CityVibe site operated by Defendants.

17.     The rapid emergence of Slixa as one of the preeminent directories for adult entertainers has caused MN Works' competitors to take notice, particularly Defendants who operate the widely known and well-established CityVibe adult entertainment directory.

18.     MN Works has expended significant resources and gone to great effort to create an adult entertainment directory that excels in creativity, functionality, originality, and that provides entertainers and their customers with an optimal experience.   Slixa's preliminary success is attributed to the unique look and feel of its website and the accompanying functionality to navigate the website.

19.     Defendants VibeMedia and Alix Kari operate the CityVibe adult entertainment directory, located on the World Wide Web at <cityvibe.com>.

20.     Defendants' CityVibe website is one of the longest-running and most established adult entertainment directories on the Internet.

21.     Prior to the launch of Plaintiff's Slixa website, Defendants' CityVibe website looked nothing like the Slixa website.  Rather, it looked like a typical Internet directory that

contained advertisements and postings that all very closely resembled one another featuring plain text and photographs provided by the entertainers advertising on the CityVibe website. It additionally featured third party advertising, like virtually every adult entertainment directory other than Plaintiff's Slixa website.

22. However, shortly the launch of the Slixa website, Defendants stole the format and layout of Slixa's VIP entertainer profiles and began using a substantively identical profile format for CityVibe's VIP entertainer profiles. (*See* Sample CityVibe VIP Entertainer Profile, attached hereto as **Exhibit 6**.)

23. As time passes, Defendants regularly convert more of their advertisements, particularly their VIP advertisements, to closely resemble the VIP advertisement style developed by, and belonging to, Plaintiff MN Works.

24. The resemblance of CityVibe's VIP advertisements to those created by MN Works for the Slixa website is not accidental. Prior to the launch of the Slixa website, no adult entertainment directory had advertisements that resembled those created by MN Works for Slixa, including CityVibe. However, shortly after the launch of Slixa, CityVibe's VIP advertisements changed to mimic those created by MN Works for Slixa.

25. Specifically, the following features of CityVibe's VIP advertisements bear an unmistakable resemblance to those created by MN Works:

a. CityVibe's VIP advertisements are now broken into content blocks, exactly like the VIP advertisements created by MN Works for Slixa.

b. CityVibe incorporated similar textured page backgrounds on its CityVibe site that MN Works developed for the Slixa website.

c. The diagonal VIP ribbon on CityVibe directory listings are in the exact same location as they are on Slixa's page.

d. VIP advertisements for both Slixa and CityVibe feature a photograph of the entertainer that takes up approximately the entire width of the page and the top quarter of the length of the advertisement. No adult entertainment directory had used a similar layout before it was developed by MN Works for Slixa.

e.      CityVibe's new VIP entertainer listings now have the entertainer's name overlaid on the full width photo on a semi-transparent background, as designed by Plaintiff for its <slixa.com> website.

f.      MN Works developed a distinctive layout that includes the entertainer's avatar with a quote inlaid below the avatar and a vertical bar to the left of the quote. VIP advertisements for both Slixa and CityVibe both feature contact and other personal information for the entertainer on the right side of the advertisement listing in the same or similar general format, color scheme, and font.

g.      VIP advertisements for both Slixa and CityVibe both feature a description of the entertainer's interests and a link to "jump" to the entertainer's contact information on the bottom left of the advertisement listing.  The wording, positioning, and functionality of this "jump" feature is exactly the same on CityVibe's new layout as the one previously designed by Slixa.

h.      Photographs of the entertainer are laid out in the same spots on each page in both the Slixa and CityVibe advertisements.

i.      Text describing the entertainer's services is laid out in the same manner in both Slixa and CityVibe advertisements, including slightly larger text in the introductory first paragraph.

j.      CityVibe has even copied the color scheme of the Slixa advertisements.

k.      CityVibe's VIP advertisements no longer feature third party advertisements, just as Slixa's do not.

l.      Entertainer incall and outcall notifications, as well as the "report this profile" web button, are in the exact same position and feature the exact same wording on the Slixa and CityVibe sites.

m.      CityVibe has recently added incall maps for its VIP entertainers that are in the same location and style as those developed by MN Works for the Slixa website.

Prior to the development of the Slixa website, CityVibe's VIP listings did not feature any elements of this layout, but now co-opt Slixa's layout almost entirely.  (*See generally*, Comparison of Exhibits 5 and 6.)

26.  Any differences between the Slixa and CityVibe VIP advertisements are nominal.  Most obviously, Slixa has more menu options in the header and footer of each advertisement than CityVibe.  However, this feature is arguably not even part of the advertisements and does nothing to absolve CityVibe of stealing Slixa's VIP advertisement design virtually whole cloth.

27.  Defendants' behavior constitutes not only an unlawful act in and of itself, but Defendants' willful disregard for Plaintiff's intellectual property rights has also resulted in significant harm to Plaintiff MN Works.  Defendants' copying of the Slixa website creates a high likelihood that Internet users will believe that the services of Slixa and CityVibe are related, when they are not, or that Slixa endorses CityVibe, which it does not.

28.  Moreover, given that Defendants' CityVibe is an established adult entertainment directory that is well-known in the adult industry and MN Works' Slixa website is a new venture, Plaintiff MN Works faces the danger that consumers will believe that MN Works has stolen Defendants' intellectual property, when the opposite is true. Such assumptions by consumers could be devastating to MN Works while assisting Defendants in extinguishing the business of MN Works as a competitor.

29.  Indeed, Defendants' decision to steal MN Works' intellectual property is hampering MN Works' ability to fairly establish Slixa as an industry competitor of Defendants' CityVibe website.

30.  On information and belief, Defendants have willfully and maliciously engaged in unauthorized access to, and unauthorized appropriation of, MN Works' data, information, computers, and computer systems and networks in an effort to copy MN Works' Slixa website and to handicap MN Works' ability to emerge as a competitor of Defendants.

31.     Defendants have benefitted financially from their unlawful activity while intentionally harming the business of MN Works.

32.     Each of the Defendants had knowledge of the other Defendants' unlawful actions and authorized and/or directed them to take the actions described in the Complaint on the other Defendants' behalf.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)**

33.     MN Works repeats and realleges all preceding paragraphs as if set forth in full herein.

34.     Defendants knowingly and intentionally accessed MN Works' computers without authorization or in excess of any authorization.  Defendants were not authorized to use MN Works' Slixa site or services for the purposes of copying its web pages, copying its design, copying its features, and copying its trade dress.  Defendants were also not authorized to access MN Works' computer servers beyond the terms set forth in Slixa's Terms and Conditions, which Defendants violated by (among other things) duplicating content on the Slixa website without authorization.

35.     After gaining unauthorized access to MN Works' servers, Defendants obtained and used valuable information from MN Works' computers in transactions involving an interstate communication.

36.     Defendants knowingly, willfully, and with an intent to defraud accessed MN Works' computers without authorization, or in excess of any authorization, and obtained valuable information from MN Works' computers, which, on information and belief, Defendants used to obtain something of value.  Such valuable information includes, but is not limited to, Slixa's webpage design and Internet user interface.

37.     Defendants' conduct has caused MN Works to suffer losses far exceeding the statutory minimum of $5,000.00.

38.     MN Works has suffered damages resulting from Defendants' infringing conduct and seeks compensatory and punitive damages under 18 U.S.C. § 1030(g) in an amount to be proven at trial.

39.     By reason of Defendants' conduct, MN Works has suffered, is suffering, and will continue to suffer irreparable harm.  Unless Defendants are enjoined, the irreparable harm to MN Works will continue.  MN Works has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125)**

40.     MN Works repeats and realleges all preceding paragraphs as if set forth in full herein.

41.     The unique look and feel of MN Works' Slixa website and services, including its graphical user interface, constitute protectable trade dress.

42.     The user interface of the Slixa website is unique, recognizable, and not merely functional.

43.     Defendants have copied the trade dress of the Slixa website in connection with goods or services in commerce in a manner likely to confuse, deceive, or cause mistake among Internet users as to the affiliation, connection, or association of Defendants' CityVibe website with Plaintiff's Slixa website.  Alternatively, Defendants have deceived Internet users as to the origin, sponsorship, or approval of CityVibe's goods, services, or commercial activities.

44.     MN Works has been adversely affected by Defendants' violations.  As a direct and proximate cause of Defendants' violations, MN Works has been damaged in an amount to be proven at trial.

45.     By reason of Defendants' conduct, MN Works has suffered, is suffering, and will continue to suffer irreparable harm.  Unless Defendants are enjoined, such irreparable harm will continue.  MN Works has no adequate remedy at law.

46.     On information and belief, Defendants' actions were willful and knowing, entitling MN Works to aggravated damages pursuant to 15 U.S.C. § 7706(g)(3)(C).

1  //

2  //

3  //

4                **THIRD CLAIM FOR RELIEF**

5             **COMMON LAW MISAPPROPRIATION**

6        47.    MN Works repeats and realleges all preceding paragraphs as if set forth in

7  full herein.

8        48.    MN Works has invested substantial time and money in the development of its

9  trade dress and all other intellectual property inherent in the <slixa.com> website.

10       49.    Defendants have unlawfully acquired and misappropriated Plaintiff's trade

11  dress and other intellectual property at little or no cost, thereby causing injury to Plaintiff.

12       50.    Plaintiff has suffered damages as a result of Defendants' misappropriation

13  and is entitled to recover damages in an amount to be determined at trial.

14                **FOURTH CLAIM FOR RELIEF**

15                    **CIVIL CONSPIRACY**

16       51.    MN Works repeats and realleges all preceding paragraphs as if set forth in

17  full herein.

18       52.    A civil conspiracy exists where there is a formation and operation of a

19  conspiracy, and the plaintiff suffers damage from an act or acts done in furtherance of the

20  conspiracy's common design.

21       53.    Defendants have formed and operated a conspiracy for the purpose of stealing

22  or misappropriating MN Works' intellectual property.

23       54.    MN Works has been harmed and suffered damages as a result of Defendants'

24  conspiracy and is entitled to recover damages in an amount to be proven at trial.

25                 **V. REQUEST FOR RELIEF**

26      Plaintiff respectfully requests relief as follows:

27

28

A.      That Defendants and their agents, servants, employees, attorneys, affiliates, distributors, and any other persons in active concert or participation with them be preliminarily and permanently enjoined from:

      a.  Making any unauthorized use of, or gaining unauthorized access to, MN Works' data, information, computers, computer systems, or computer networks;

      b.  Accessing Slixa's data, information, computers, computer systems, or network for any reason whatsoever;

      c.  Maintaining websites, including adult entertainer and adult entertainment directory websites, that contain confusing or unlawfully copied material from Plaintiff's trade dress on the Slixa website;

      d.  Using data or any other information obtained from MN Works via improper means;

B.      That Defendants be directed to file with the Court and serve upon Plaintiff's counsel a report in writing and under oath setting forth the manner in form in which Defendants have complied with the requirements of the injunction within 30 days after entry of judgment;

C.      That Defendants be directed to file with the Court and serve upon Plaintiff's counsel a report in writing and under oath setting forth an accounting of any and all sales, revenues, profit sharing or kick-back payments Defendants made, obtained, or distributed as a result of their actions in violation of Plaintiff's rights described herein within 30 days of entry of judgment;

D.      For damages according to proof presented at trial, including liquidated and statutory damages;

E.      For disgorgement of any money, property, or the value of any other economic benefit that Defendants received as a result of their unlawful conduct;

F.      For aggravated damages;

G.      For punitive damages;

1    H.    For a reasonable royalty;

2    I.    For interest as provided by law;

3    J.    For costs of suit, including reasonable attorneys' fees; and

4    K.    For such other relief as the Court deems just and proper.

5                      **V. JURY TRIAL DEMANDED**

6    Plaintiff demands a jury trial on all claims that may be tried by jury.

7

8    Dated: May 30, 2013                    Respectfully submitted,

9

10                                          /s/ Marc J. Randazza
                                            Marc J. Randazza, AZ Bar # 027861
11                                          Randazza Legal Group
                                            6525 W. Warm Springs Road, Suite 100
12                                          Las Vegas, NV 89118
                                            888-667-1113
13                                          305-437-7662 fax
                                            ecf@randazza.com
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28